UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN FORSHEE, | **DECISION AND ORDER** |
| Movant, | **Civil Case No. 6:17-cv-06322-MAT** |
| -vs- | **Criminal Case No. 6:06-cr-06102-MAT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. Introduction

Stephen Forshee ("Forshee" or "Movant"), proceeding pro se, filed a form Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt #70). Forshee asserts that he is entitled to Section 2255 relief because his sentence is unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson"). Forshee also moves for a reduction in his sentence pursuant to United States Sentencing Guidelines ("USSG") Amendment 801. For the reasons discussed herein, Forshee's Section 2255 Motion is dismissed as untimely and without merit, and his motion for a sentence reduction is denied as without merit.

## II. Factual Background and Procedural History

On July 10, 2008, Forshee appeared before the Honorable Charles J. Siragusa, United States District Judge, and pled guilty to one count of knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Pursuant to Rule 11(c)(1)(C) of the

Federal Rules of Criminal Procedure, the parties agreed that a term of imprisonment of 240 months would be appropriate. At the sentencing hearing on October 14, 2008, Judge Siragusa accepted the plea agreement without modification and sentenced Forshee principally to a term of imprisonment of 240 months. Forshee expressly waived his right to appeal or collaterally attack his sentence and, accordingly, he did not pursue a direct appeal. Judgment (Dkt #69) was entered on October 22, 2008.

On May 15, 2017,[1] Forshee filed a form motion titled Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody asserting grounds for relief under Johnson and Amendment 801 to the United States Sentencing Guidelines ("USSG"). He did not file a memorandum of law in connection with this motion.

The Government filed its Response (Dkt #79) on January 11, 2018. Forshee did not file a reply or traverse. The matter is fully submitted and ready for decision.

**III. Discussion**

    **A.    Section 2255 Motion**

As a threshold matter, the Court must determine whether the pending motion to vacate is timely under 28 U.S.C. § 2255(f), which

---

[1] The Government asserts that Forshee's motion was filed on May 22, 2017, the date it was entered on the Court's docket. This is incorrect. The filing date is determined by reference to the prison mailbox rule, which provides that . Here, the form motion was dated May 15, 2017.

sets forth a one-year statute of limitations. Specifically, a "movant must file within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is recognized initially by the Supreme Court, if it has been made available retroactively to cases on collateral review; or (4) when the facts supporting a claim could have been discovered through the exercise of due diligence." Aiken v. United States, No. 06 CR 479 JFK, 2013 WL 4457372, at *1 (S.D.N.Y. Aug. 20, 2013) (citing 28 U.S.C. § 2255(f)(1)-(4)). The only two subsections that could possibly apply to Forshee's case are subsection (1) or subsection (4).

For purposes of Section 2255(f)(1), it is well established that "'a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction . . . [i.e.,] 90 days after entry of the Court of Appeals' judgment.'" Clay v. United States, 537 U.S. 522, 525 (2003); see also 28 U.S.C. § 2101(c); S. CT. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

However, Forshee did not appeal his conviction. The Second Circuit has held that, "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (collecting circuit authority). Forshee's judgment of conviction was entered on Wednesday, October 22, 2008 (Dkt #69). "A defendant's notice of appeal in a criminal case must be filed within ten days after the entry of the order being appealed." United States v. Culbertson, 598 F.3d 40, 44–45 (2d Cir. 2010) (citing Fed. R. App. P. 4(b)(1)(A)(i) (effective through Dec. 1, 2009)). Pursuant to Fed. R. App. P. 26(a)(2), as amended effective December 1, 2002, and as currently enacted, the time for filing a notice of appeal is computed by excluding intermediate Saturdays, Sundays, and legal holidays. Moshier, 402 F.3d at 118 n. 1. Therefore, Forshee's conviction became final for purposes of Section 2255(f)(1) on Wednesday, November 5, 2008, the date on which his time to file a direct appeal expired. Forshee filed the instant Section 2255 motion on May 15, 2017, eight years, six months, and twelve days after his conviction became final. Therefore, his motion is untimely under Section 2255(f)(1).

Forshee cannot rely on Johnson to avail himself of the later start date set forth in 28 U.S.C. § 2255(f)(3) for several reasons. In order to fall within the limitations period of Section 2255(f)(3), he must show that application of Johnson to his

sentencing claim on collateral review "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). In Johnson, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), i.e., the provision that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," violates the Due Process Clause because it is impermissibly vague on its face. Johnson held that the ACCA's residual clause is unconstitutionally vague because it combines "indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony." Id. at 2558. As the Government points out, Forshee was not sentenced under ACCA; he sentenced pursuant to a negotiated plea agreement. Therefore, Johnson does not apply to his case.

In certain situations, Section 2255 movants are entitled to equitable tolling of the limitations deadline. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). A defendant must satisfy the following two elements: First, he must show that he exercised "reasonable diligence" during the limitations period, and second, that "extraordinary circumstances" prevented him from timely filing. Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). Here, Forshee was not prevented by "extraordinary

circumstances" from timely filing; rather, he elected to file the instant proceeding only after learning of Supreme Court's potentially favorable Johnson decision. Because there is no basis for applying equitable tolling to limitations period in this case, Forshee's Section 2255 claim must be dismissed as untimely.

**B.   Motion for a Sentence Reduction**

Under Ground Two of the form motion, Forshee states as follows: "Clarification of Guidelines by U.S. Sentencing Commission regarding Distribution of Child Pornography." He then sets forth portions of Amendment 801, which became effective on November 1, 2016. The Government notes that Forshee apparently is seeking a reduction of his sentence because the sentence is based, in part, on distribution of child pornography, and because Amendment 801 made changes to the USSG regarding distribution of child pornography. As the Government explains, Amendment 801 clarified the scope of the five-level enhancement provision set forth in USSG § 2G2.2(b)(3)(B), and further amended USSG § 2G2.2(b)(3)(F). However, as the Government argues, neither of these specific offense characteristics were applied to Forshee's sentencing calculations in the plea
agreement, nor did Judge Siragusa apply either of them at sentencing. The Court notes that Forshee did not contest any of the Government's arguments in favor of dismissal, including the inapplicability of Amendment 801 to his sentence. In sum, the

changes to the sentencing guidelines set forth in Amendment 801 have no effect on Forshee's sentence, and he therefore is not entitled to a sentence reduction.

**IV. Conclusion**

For the reasons discussed above, Forshee's form Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt #70) is **dismissed as untimely and without merit.** No certificate of appealability shall issue because jurists of reason would not find it debatable whether this Court was correct in its procedural ruling and because Forshee has failed to demonstrate a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); see also Matias v. Artuz, 8 Fed. Appx. 9, 11, 2001 WL 300543, at **3 (2d Cir. Mar. 27, 2001) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The Clerk of Court is directed to close Civil Case No. 1:16-cv-00485-MAT.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   March 12, 2018
         Rochester, New York.